UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.  08 CR 75 |
| | ) | 07 GJ 710 |
| v. | ) | |
| | ) | |
| MOHAMMAD SALEEM and | ) | Chief Judge James F. Holderman |
| SAQIB SALEEM | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for a 30-day extension of time, to and including March 30, 2008, in which to seek the return of an indictment against the defendants, for the following reasons:

1.  This investigation was initiated in June 2007, and involves at least two individuals whom the government charged by way of complaint on January 30, 2008 with intentionally trafficking in counterfeit pharmaceuticals, in violation of Title 18, United States Code, Section 2320. As outlined in the complaint, MOHAMMAD SALEEM ("MOHAMMAD") and SAQIB SALEEM ("SAQIB") sold counterfeit Viagra, Cialis, Zyprexa, and Plavix to undercover agents in controlled buys on June 1, 2007, October 25, 2007, November 5, 2007, and November 29, 2007.

2.  This investigation involved video and audio recordings of nine meetings between MOHAMMAD, SAQIB, and undercover agents. In addition, at least sixty telephone conversations between undercover agents and MOHAMMAD or SAQIB were consensually recorded during the investigation. The investigation also involved the purchase of numerous pharmaceuticals from MOHAMMAD and SAQIB.

3.     On January 30, 2008, MOHAMMAD and SAQIB were arrested. Both defendants were released on bond.

4.     A number of factors have led to the government's request for extension. The investigation involves voluminous evidence in the form of audio recordings, video recordings, pharmaceuticals, bank records, and other materials. Additionally, the government is investigating additional defendants and unlawful activity that was not charged in the complaint.

5.     Given the length of time that this investigation has been ongoing and the sheer volume of evidence in this case, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient. The United States estimates that a 30-day extension from the current expiration date of February 29, 2008, to and including March 30, 2008, will be sufficient time within which to return an indictment in this matter.

6.     Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because . . . the facts upon which the grand jury must base its determination are unusual or complex; [and]

> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for . . . the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(ii), (iv).

7.     The government respectfully submits that the 30-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and

thorough investigation in this case, but the investigation includes video and audio recordings of nine meetings and audio recordings of over sixty phone calls, as well as additional unlawful activity that is still under investigation. The government cannot complete its investigation and appropriately conclude the investigation within the time allowed under Section 3161(b) of the Speedy Trial Act as currently extended.

8. On February 26, 2008, Rose Lindsay, counsel for MOHAMMAD, and Carl P. Clavelli, counsel for SALEEM, both represented that they do not object to this motion.

WHEREFORE, the United States respectfully requests a 30-day extension of time from February 29, 2008 to and including March 30, 2008 in which to seek an indictment in this case.

> Respectfully submitted,
>
> PATRICK J. FITZGERALD
> United States Attorney
>
> By:   /s/ Renato Mariotti
> RENATO MARIOTTI
> Assistant United States Attorney
> United States Attorney's Office
> 219 South Dearborn Street
> Chicago, Illinois  60604
> (312) 886-7855

Dated: February 27, 2008

**CERTIFICATE OF SERVICE**

  The undersigned Assistant United States Attorney hereby certifies that the following documents:

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

was served on February 27, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

          By: s:/ Renato T. Mariotti
             Renato T. Mariotti
             Assistant United States Attorney
             219 South Dearborn Street
             Chicago, Illinois 60604
             (312) 886-7855