

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE LEINENWEBER**

**MAGISTRATE JUDGE DENLOW**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MOHAMMAD SALEEM and )<br>SAQIB SALEEM )<br>)<br>) | No. 08 CR 75<br><br>Violations: Title 18, United States Code, Sections 2 and 371 and Title 21, United States Code, Sections 331(t) and 333(b)(1)(D). |

## COUNT ONE

**F I L E D**

The SPECIAL JUNE 2007 GRAND JURY charges:

MAR 2 7 2008

1. At times material to this indictment:

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

a. The United States Food and Drug Administration ("FDA") was the agency of the United States charged with the responsibility of protecting the health and safety of the American public by assuring, among other things, that drugs sold for human consumption were safe and effective for their intended uses and bore labeling containing true and accurate information. FDA's responsibilities included regulating the labels, labeling, distribution, and manufacture of prescription drugs shipped or received in interstate commerce.

b. FDA was also responsible for, among other things, enforcing the provisions of the Federal Food, Drug, and Cosmetic Act ("FD&C Act"), 21 U.S.C. § 301 et seq.

c. Under the FD&C Act, the term "drug" included articles which were (1) intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in

humans; or (2) intended to affect the structure or any function of the body of humans. 21 U.S.C. §§ 321(g)(1)(B) and (C).

    d. Some of the drugs regulated under the FD&C Act were "prescription drugs." "Prescription drugs" were those drugs, which because of their toxicity or other potentiality for harmful effect, or the method of their use, or the collateral measures necessary for their use, were not safe for use except under the supervision of a practitioner licensed by law to administer such drugs, or which were required to be administered under the professional supervision of a practitioner licensed by law to administer such drug as a condition of FDA approving the drug pursuant to 21 U.S.C. § 355 to be placed on the market. 21 U.S.C. §§ 353(B)(1)(A) and (B).

    e. Pursuant to Title 21, United States Code, Section 353(b)(1), the act of dispensing a prescription drug without a prescription from a practitioner licensed by law to administer such drugs was deemed to be an act that resulted in the drug being misbranded. Causing the introduction or delivery for introduction of a drug that is misbranded was a Prohibited Act pursuant to Title 21, United States Code, Section 331(a).

    f. The drugs Silenafil Citrate (Viagra), Metronidazole (Flagyl), Atorvastatin Calcium (Lipitor), Tadalafil (Cialis), Orlistat (Xenical), Olanzapine (Zyprexa), Clopidogrel Bisuflate (Plavix), Sustanon, and Human Growth Horome were prescription drugs as defined in Title 21, United States Code, Section 353(b)(1) and could lawfully be dispensed only upon the prescription of a practitioner licensed by law to administer such

drugs.

2. Beginning on or about June 1, 2007 through on or about January 30, 2008, at Skokie, Lincolnwood, Rosemont, and Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MOHAMMAD SALEEM and
SAQIB SALEEM

defendants herein, conspired with each other, and with others known and unknown to the Grand Jury, with intent to defraud or mislead, to introduce and cause to be introduced into interstate commerce drugs that were misbranded, in that defendants conspired to dispense and cause to be dispensed prescription drugs within the meaning of Title 21, United States Code, Section 353(b)(1) without a valid prescription of a practitioner licensed by law to administer such prescription drugs, in violation of Title 21, United States Code, Section 331(a).

3. It was part of the conspiracy that MOHAMMAD SALEEM and SAQIB SALEEM sought to obtain substantial revenues and profits by illegally offering for sale and selling prescription drugs by means that were outside of the usual course of medical practice, without legitimate medical purposes, and without the involvement of a practitioner licensed by law to administer prescription drugs.

4. It was further part of the conspiracy that on or about June 1, 2007, MOHAMMAD SALEEM and SAQIB SALEEM traveled from West Chester, Ohio to Skokie, Illinois to sell prescription drugs without valid prescriptions.

5. It was further part of the conspiracy that on or about June 1, 2007, at locations in Skokie, Illinois and Rosemont, Illinois, MOHAMMAD SALEEM and SAQIB SALEEM sold approximately 810 tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl) without valid prescriptions.

6. It was further part of the conspiracy that on or about August 11, 2007, MOHAMMAD SALEEM and SAQIB SALEEM traveled from West Chester, Ohio to Lincolnwood, Illinois to sell prescription drugs without valid prescriptions.

7. It was further part of the conspiracy that on or about August 11, 2007, in Lincolnwood, Illinois, MOHAMMAD SALEEM and SAQIB SALEEM sold approximately 325 tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl) and approximately 750 tablets containing Atorvastatin Calcium (the active ingredient in Lipitor) without valid prescriptions.

8. It was further part of the conspiracy that on or about October 5, 2007, MOHAMMAD SALEEM and SAQIB SALEEM caused approximately 25 bottles of tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl) to be shipped to Hillside, Illinois from Pakistan without valid prescriptions.

9. It was further part of the conspiracy that on or about October 24, 2007, MOHAMMAD SALEEM and SAQIB SALEEM traveled from West Chester, Ohio to Skokie, Illinois to sell prescription drugs without valid prescriptions.

10. It was further part of the conspiracy that on or about October 24, 2007, in Skokie, Illinois, MOHAMMAD SALEEM and SAQIB SALEEM sold 836 tablets containing Tadalafil (the active ingredient in Cialis) without valid prescriptions.

11. It was further part of the conspiracy that on or about November 5, 2007, MOHAMMAD SALEEM and SAQIB SALEEM traveled from West Chester, Ohio to Chicago, Illinois to sell prescription drugs without valid prescriptions.

12. It was further part of the conspiracy that on or about November 5, 2007, in Skokie, Illinois, MOHAMMAD SALEEM and SAQIB SALEEM sold approximately 2,700 tablets containing Tadalafil (the active ingredient in Cialis) and approximately 1,830 tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl) without valid prescriptions.

13. It was further part of the conspiracy that on or about November 6, 2007, MOHAMMAD SALEEM and SAQIB SALEEM caused approximately 1,260 tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl), approximately 779 tablets containing Tadalafil (the active ingredient in Cialis), and approximately 83 tablets containing Orlistat (the active ingredient in Xenical) to be shipped to Hillside, Illinois from Pakistan without valid prescriptions.

14. It was further part of the conspiracy that on or about November 13, 2007, MOHAMMAD SALEEM and SAQIB SALEEM caused approximately 2,760 tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl) to be shipped to Hillside, Illinois from Pakistan without valid

prescriptions.

15. It was further part of the conspiracy that on or about November 29, 2007, MOHAMMAD SALEEM and SAQIB SALEEM traveled from West Chester, Ohio to Chicago, Illinois to sell prescription drugs without valid prescriptions.

16. It was further part of the conspiracy that on or about November 29, 2007, in Skokie, Illinois, MOHAMMAD SALEEM and SAQIB SALEEM sold approximately 693 tablets containing Olanzapine (the active ingredient in Zyprexa) and approximately 672 tablets containing Clopidogrel Bisuflate (the active ingredient in Plavix) without valid prescriptions.

17. It was further part of the conspiracy that on or about December 12, 2007, SAQIB SALEEM traveled from West Chester, Ohio to New York City, New York to sell prescription drugs without valid prescriptions.

18. It was further part of the conspiracy that on or about December 12, 2007, in New York City, New York, SAQIB SALEEM sold approximately 2,096 tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl), approximately 795 tablets containing Tadalafil (the active ingredient in Cialis), 35 tablets containing Olanzapine (the active ingredient in Zyprexa), approximately 238 tablets containing Clopidogrel Bisuflate (the active ingredient in Plavix), and approximately five ampules of Sustanon without valid prescriptions.

17. It was further part of the conspiracy that on or about January 30, 2008, MOHAMMAD SALEEM and SAQIB SALEEM traveled from West Chester, Ohio to

Skokie, Illinois to sell prescription drugs without valid prescriptions.

18. It was further part of the conspiracy that on or about January 30, 2008, in Skokie, Illinois, MOHAMMAD SALEEM and SAQIB SALEEM sold approximately 360 tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl), approximately 80 tablets containing Tadalafil (the active ingredient in Cialis), approximately 1,407 tablets containing Olanzapine (the active ingredient in Zyprexa), approximately five vials of Human Growth Hormone, and approximately four ampules of Sustanon without valid prescriptions.

19. It was further part of the conspiracy that MOHAMMAD SALEEM and SAQIB SALEEM did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, the purposes and acts done in furtherance of the conspiracy;

## OVERT ACTS

20. To effect the objects of the conspiracy, MOHAMMAD SALEEM and SAQIB SALEEM did commit the following overt acts, among others, in the Northern District of Illinois, Eastern Division, and elsewhere:

(a) On or about June 1, 2007, MOHAMMAD SALEEM and SAQIB SALEEM traveled from West Chester, Ohio to Skokie, Illinois to sell approximately 810 tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl) without valid prescriptions.

(b) On or about August 11, 2007, MOHAMMAD SALEEM and SAQIB SALEEM traveled from West Chester, Ohio to Lincolnwood, Illinois to sell approximately

7

325 tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl) and 750 tablets containing Altorvastatin Calcium (the active ingredient in Lipitor) without valid prescriptions.

  (c) On or about October 24, 2007, MOHAMMAD SALEEM and SAQIB SALEEM traveled from West Chester, Ohio to Skokie, Illinois to sell approximately 836 tablets containing Tadalafil (the active ingredient in Cialis) without valid prescriptions.

  (d) On or about November 5, 2007, MOHAMMAD SALEEM and SAQIB SALEEM traveled from West Chester, Ohio to Chicago, Illinois to sell approximately 2,700 tablets containing Tadalafil (the active ingredient in Cialis) and 1,830 tablets containing Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl) without valid prescriptions.

  All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

At times material to this indictment:

1. The allegations in Count One are realleged and fully incorporated herein.

2. The FD&C Act required that persons engaged in the wholesale distribution of prescription drugs in interstate commerce in a State be licensed by the State in accordance with guidelines established by the FDA. Title 21, United States Code, Section 353(e)(2)(A). The wholesale distribution of prescription drugs meant distribution to someone other than the consumer or patient. Title 21, United States Code, Section 353(e)(3)(B).

3. In order for an individual or corporation to sell or deliver or offer to sell or deliver a prescription drug to a recipient and be in compliance with the FD&C Act, that individual or corporation was required to be licensed as a wholesale distributor of prescription drugs in a State where, for example, that individual or corporation operated a facility from which that individual or corporation made shipments of prescription drugs.

4. MOHAMMAD SALEEM and SAQIB SALEEM, residents of the state of Ohio, were not licensed wholesale distributors within the meaning of Title 21, United States Code, Section 353(e)(2) by either the State of Ohio or the State of Illinois.

5. From on or about June 1, 2007 to on or about January 30, 2008, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

MOHAMMAD SALEEM and
SAQIB SALEEM

9

defendants herein, knowingly engaged in the wholesale distribution of prescription drugs in interstate commerce in violation of Title 21, United States Code, 353(e)(2)(A), to wit, the defendants caused the wholesale distribution in interstate commerce of the prescription drugs Silenafil Citrate (the active ingredient in Viagra) and Metronidazole (the active ingredient in Flagyl) at a time when MOHAMMAD SALEEM and SAQIB SALEEM, residents of Ohio, were not licensed to engage in the wholesale distribution of prescription drugs in either Ohio or Illinois, all in violation of Title 21, United States Code, Section 331(t) and 333(b)(1)(D); and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
FOREPERSON


_____
UNITED STATES ATTORNEY